FILED by SW D.C.
ELECTRONIC

Oct 6 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 02-23623-CIV-ALTONAGA/BANDSTRA

ADRIENE POSELY and
KARL O. BLOOMFIELD, on their behalf
of all others similarly situated,

    Plaintiffs,

vs.

ECKERD CORPORATION, a Florida
corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS
## OPT-IN PLAINTIFF, GARY BRAZEAU

    Defendant, Eckerd Corporation, through its undersigned counsel, pursuant to Local Rule 16.1(b)(5), S.D.Fla.LR., hereby moves to dismiss Opt-in Plaintiff, Gary Brazeau, as an opt-in Plaintiff in the instant matter. In support of this motion, Defendant submits the following:

    1.    On September 23, 2004, opt-in Plaintiff, Gary Brazeau, filed a notice of consent to become a party Plaintiff into the instant action.

    2.    The Notice of Consent by Gary Brazeau was filed twelve weeks beyond this Court's June 29, 2004 deadline to add parties.

    3.    In fact, in this Court's June 23, 2003 Scheduling Order, the original deadline to add parties was March 1, 2004. On June 18, 2004, this Court granted the Plaintiffs' Motion for Continuance of Trial and other Pretrial Deadlines. In the June 18,

1

2004 Order, this Court extended all pretrial deadlines for 120 days. Thus, the new deadline to add parties was moved back to June 29, 2004.

4. At no time did the Plaintiffs seek leave of Court to extend the once extended June 29, 2004 deadline to add parties.

5. This Court's June 23, 2003 Order, clearly puts the parties on notice of the importance of adhering to the Local Rules, to wit: "strict compliance with the Local Rules is expected, ….." (Order, p. 3).

6. Similarly, Local Rule 16.1(b)(5), S.D.Fla.LR., provides:

> 5. Compliance With Pretrial Orders. Regardless of whether the action is exempt pursuant to Rule 26(a)(1)(E), Fed.R.Civ.P., the parties *are required to comply with any pretrial orders by the Court* and the requirements of this Rule including, but not limited to, orders setting pretrial conferences and *establishing deadlines* by which the parties' counsel must meet, prepare and submit pretrial stipulations, complete discovery, exchange reports of expert witnesses, and submit memoranda of law and proposed jury instructions. [emphasis added].

7. Discovery in the instant matter has effectively been completed. A dispositive motion for summary judgment filed by Eckerd is currently ripe for review, and the discovery cut-off is October 29, 2004.

8. This case has been pending since late 2002 and it would unfairly prejudice the Defendant for this matter to continue to linger due to Plaintiffs' repeated non-compliance with this Court's Pretrial Deadlines and the Local Rules by dilatorily submitting consent forms from apparent opt-in plaintiffs months after the Court imposed deadline.

9. It is axiomatic that both the Local Rules and this Court's Pretrial Deadlines are not mere inconveniences. *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 859 (11th Cir. 1990) ("We note that the subject motion was defendants' second request for enhanced time to respond to plaintiffs' summary judgment motion. Their first motion for an extension of time was denied because of their repeated failure to comply with court orders and local rules."); *see also Wirtz v. Hooper-Holmes Bureau, Inc.,* 327 F.2d 939, 943 (5th Cir. 1964) ("Local Rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons"); *Beer Nuts, Inc. v. King Nut Co.,* 477 F.2d 326, 329-330 (6th Cir. 1973) *cert. denied* 414 U.S. 858 (1973)(district court properly denied motion to compel for failure to adhere to local rule's requirement that moving party must "notify the court of its attempts to resolve the controversy"); *Wiss v. Weinberger*, 415 F. Supp. 293, 294 n.4 (E.D. Penn 1976) ("'non-compliance with any [federal or] local rule is a practice to be *strongly condemned* and one which will be penalized if the circumstances warrant such action.'").

10. Prior to the filing of this motion, the undersigned contacted Plaintiffs' counsel and asked them to dismiss Mr. Brazeau as an opt-in Plaintiff since his consent is woefully untimely. However, the Plaintiffs did not respond to defense counsel's emails and has not advised defense counsel of their agreement to dismiss Mr. Brazeau as an opt-in Plaintiff.

11. Local Rule 16.1(M), S.D.Fla.LR states that "Failure to comply with the requirements of this rule will subject the party or counsel to appropriate penalties,

3

including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment."

12. Accordingly, based on the above, Gary Brazeau, should be dismissed as an opt-in Plaintiff from the instant case. *See Grace v. City Of Detroit,* 145 F.R.D. 413, 415 (E.D. Mich. 1992)(refusing to accept class claims submitted after court imposed deadline); *see also Royal Palace Hotel Associates, Inc., v. International Resort Classics, Inc.,* 178 F.R.D. 588 (M.D. Fla. 1997)(sanctioning party and counsel for violation of Local Rules and dilatory conduct); *Parker v. Joe Lujan Enterprises, Inc.,* : 848 F.2d 118 (9th Cir. 1988)(no abuse of discretion in district court's denial of untimely motion for leave to amend); *In re Graham Offshore,* 1999 WL 1133408 (E.D.La. December 9, 1999)(court struck pleadings filed after deadline where leave not timely requested).

**WHEREFORE,** for the good cause set forth herein, Defendant, Eckerd Corporation, respectfully requests that opt-in Plaintiff Gary Brazeau be dismissed.

## MEMORANDUM OF LAW

Local Rule 16.1(b)(5), S.D.Fla.LR., provides:

> 5. Compliance With Pretrial Orders. Regardless of whether the action is exempt pursuant to Rule 26(a)(1)(E), Fed.R.Civ.P., the parties *are required to comply with any pretrial orders by the Court* and the requirements of this Rule including, but not limited to, orders setting pretrial conferences and *establishing deadlines* by which the parties' counsel must meet, prepare and submit pretrial stipulations, complete discovery, exchange reports of expert witnesses, and submit memoranda of law and proposed jury instructions. [emphasis added].

4

ROTHSTEIN ROSENFELDT
300 Las Olas Place, 300 SE 2nd Street, Suite 860, Fort Lauderdale, Florida 33301

In the instant case, the opt-in Plaintiff, Gary Brazeau, filed his notice of consent on September 28, 2004, which was three months after the June 29, 2004 deadline to add parties has lapsed. The Plaintiffs already had this deadline extended once by 120 days to June 29, 2004. Plaintiffs' counsel should not be rewarded at the detriment of the Defendant as a result of Plaintiffs' counsels' failure to follow the Local Rules and this Court's pretrial deadlines set forth in its trial Order and its Order extending the pretrial deadlines by 120 days. As a result of the foregoing, Mr. Brazeau should be **DISMISSED** as an opt-in Plaintiff in the instant action.. *See Grace v. City Of Detroit,* 145 F.R.D. 413, 415 (E.D. Mich. 1992)(refusing to accept class claims submitted after court imposed deadline); *see also Wirtz v. Hooper-Holmes Bureau, Inc.,* 327 F.2d 939, 943 (5th Cir. 1964) ("Local Rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons"); *Beer Nuts, Inc. v. King Nut Co.,* 477 F.2d 326, 329-330 (6th Cir. 1973) *cert. denied* 414 U.S. 858 (1973)(district court properly denied motion to compel for failure to adhere to local rule's requirement that moving party must "notify the court of its attempts to resolve the controversy"); *Wiss v. Weinberger*, 415 F. Supp. 293, 294 n.4 (E.D. Penn 1976) ("'non-compliance with any [federal or] local rule is a practice to be *strongly condemned* and one which will be penalized if the circumstances warrant such action.'"). *See Grace v. City Of Detroit,* 145 F.R.D. 413, 415 (E.D. Mich. 1992)(refusing to accept class claims submitted after court imposed deadline); *see also Royal Palace Hotel Associates, Inc., v. International Resort Classics, Inc.,* 178 F.R.D. 588 (M.D. Fla. 1997)(sanctioning party and counsel for violation of Local Rules and dilatory conduct);

5

*Parker v. Joe Lujan Enterprises, Inc.,* : 848 F.2d 118 (9th Cir. 1988)(no abuse of discretion in district court's denial of untimely motion for leave to amend); *In re Graham Offshore,* 1999 WL 1133408 (E.D.La. December 9, 1999)(court struck pleadings filed after deadline where leave not timely requested).

Dated: October 6, 2004

            Respectfully submitted,

            ROTHSTEIN ROSENFELDT
            300 Las Olas Place – Suite 860
            300 S.E. 2nd Street
            Fort Lauderdale, FL 33301
            TEL: (954) 522-3456
            FAX: (954) 527-8663
            Email: sdolin@rrdplaw.com
                mpancier@rrdplaw.com

            /s/ Michael A. Pancier, Esq.
             Susan L. Dolin, Esq.
             Fla. Bar No. 708690

             Michael A. Pancier, Esq.
             Fla. Bar No. 958484

## CERTIFICATE OF SERVICE

**I hereby Certify** that a true and correct copy of the foregoing was delivered via U.S. Mail on October 6, 2004 to:

John Campbell, Esq.
Campbell & Malafy, P.A.
Campbell Law Center
2655 LeJeune Road, Suite 201
Coral Gables, FL 33134

Joshua Fuller, Esq,
Fuller & Suarez, P.A.
201 Alhambra Circle, Suite 602
Coral Gables, FL 33134

Jose Torres, Esq.
Freiden & Brown
2 South Biscayne Boulevard, Suite 3100
Miami, FL 33131-1802
(305) 371-3666
(305) 371-6725  (FAX)

David S. Harris, Esq.
3669 Poinciana Avenue, 3A
Coconut Grove, FL 33133

    Respectfully submitted,

    ROTHSTEIN ROSENFELDT
    Counsel for Defendant, Eckerd
    300 Las Olas Place -- Suite 860
    300 S.E. 2nd Street
    Fort Lauderdale, FL 33301
    TEL: (954) 522-3456
    FAX: (954) 527-8663
    Email:   sdolin@rrdplaw.com
            mpancier@rrdplaw.com

    /s/ Michael A. Pancier, Esq.
    Michael A. Pancier, Esq.
    Fla. Bar No. 958484

H:\slddocs\ECKERD\Posely-Bloomfield-03-8275\PLEADINGS\motion to dismiss brazeau.doc