UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 02-23623-CIV-ALTONAGA/TURNOFF

ADRIENE POSELY and
KARL O. BLOOMFIELD, on their behalf
of all others similarly situated,

    Plaintiffs,

vs.

ECKERD CORPORATION, a Florida
corporation,

    Defendant.

_____/

STATE OF TEXAS    )
                              ) §§
COUNTY OF COLLIN )

### AFFIDAVIT OF P. DAVID SCHAUB

1. My name is P. David Schaub. I am employed by JCPenney Co., Inc. as an Information Technologist. I have been in charge of obtaining the documentation, primarily e-mails, as requested by the Plaintiffs in the above-referenced matter.

2. I have personal knowledge of the facts recited in this affidavit.

3. Eckerd Corporation's e-mail support was provided by a Netscape, and subsequently Sun iPlanet, mail server on a Sun SPARC server running Solaris 6, and subsequently Solaris 8. This software stores individual messages in a raw ASCII format. That is, each message is written to a file exactly as it is received over the network. Each file contains exactly one (1) message.

4. No archiving of e-mails was done before August 2004. This e-mail system was used for short informal messaging, personal use, and other uses. Thus, they were

not archived on any server. The only e-mails that would have existed prior to August 9, 2004 would have been those that the end user (recipient or sender) might have chosen to keep under their individual email account. Those that the end user deleted would have dropped off the server that night and off the tape backup twenty-one (21) days thereafter.

5. The first step in locating any archived e-mails was to restore all e-mails available for Eckerd. In August 2004 we began not purging e-mails deleted from the Eckerd mail server. From that point forward, any e-mail backed up on nightly back-up tapes was retained rather than being aged off when it was deleted by the end user. All of that e-mail was restored in early April 2005.

6. The next step involved writing a search script to review all e-mail found in the restoration for specific terms. To that end, I wrote a script in the Perl scripting language to identify files that contained appropriate terms. The terms searched for were:

   a. work event
   b. work events
   c. merchandise party
   d. merchandising party
   e. merchandising parties
   f. merchandise opportunity
   g. merchandise opportunities
   h. merchandising opportunities
   i. merchandise event
   j. merchandising events
   k. merchandise events
   l. merchandising event
   m. charge out
   n. charging out
   o. charged out
   p. seasonal reset
   q. Holiday transition
   r. Seasonal conversion
   s. Inventory prep
   t. Inventory preparation

2

7. I reduced these terms into six phrases in Perl to conduct the search. These search terms were:

   a. /(work|merchandis(e|ing))s+events?/i
   b. /charg(ed?|ing)\s+out/i
   c. /merchandis(e|ing)\s+(part|opportunit)(y|ies)/i
   d. /seasonal\s+(reset|conversion)/i
   e. /holiday\s+transition/i
   f. /inventory\s+prep(aration)?/i

8. I then processed each file through a Perl module (a short Perl program) called "MIME::Parser" that normalized each message. This normalization changed any portions of the message that was Base64 encoded (a common e-mail encoding process) into its original format. This normalization would, for example, reconstruct a Microsoft Word document back into its original format. At that point on a line-by-line basis, I searched for any of the six (6) phrases above. If any were found, I would note that file as "hit" and which term or terms were found. This process was completed for every restored file/message.

9. The data which have been produced represent every e-mail that existed on tape or server as of the April 2005 restore and which responds to the above-referenced search terms.

FURTHER, AFFIANT SAYETH NOT.

_____
P. DAVID SCHAUB

SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED NOTARY, THIS 1st DAY OF November, 2005.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: 5/17/06

ANGIE A. JENSEN
MY COMMISSION EXPIRES
May 17, 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 02-23623-CIV-ALTONAGA/BANDSTRA

ADRIENE POSELY and
KARL O. BLOOMFIELD, on their behalf
of all others similarly situated,

    Plaintiffs,

vs.

ECKERD CORPORATION, a Florida
corporation,

    Defendant.
_____/

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION

Defendant, Eckerd Corporation, through its undersigned counsel, serves this, its supplemental response to Plaintiffs' Request for Production, and states the following:

12. Any and all documents describing the formation, composition, scheduling or location of "work parties" of ECKERD employees for the period from January 1, 1999 to the present date.

**RESPONSE:** See all emails previously produced to Plaintiffs from the district managers. See also all emails produced to Plaintiffs on CD-ROM pursuant to Court Order. There are no other documents responsive to this request in Defendant's care, custody, or control. See also affidavit of Jim Sidman dated October 20, 2005.

13. Any and all lists of ECKERD employees assigned to "work parties" for the period of January 1, 1999 to the present date.

**RESPONSE:** See all emails previously produced to Plaintiffs from the district managers. See also all emails produced to Plaintiffs on CD-ROM pursuant to Court Order. There are no other documents responsive to this request in Defendant's care, custody, or control. See also affidavit of Jim Sidman dated October 20, 2005.


EXHIBIT C

1

14. Any and all documents reflecting the hours worked by ECKERD employees assigned to "work parties" for the period of January 1, 1999 to the present date.

**RESPONSE:** See all emails previously produced to Plaintiffs from the district managers. See also all emails produced to Plaintiffs on CD-ROM pursuant to Court Order. There are no other documents responsive to this request in Defendant's care, custody, or control. See also affidavit of Jim Sidman dated October 20, 2005.

15. Any and all documents describing or setting forth ECKERD's policy regarding the formation, composition, scheduling or location of "work parties" for the period of January 1, 1999 to the present date.

**RESPONSE:** See response to request number 12.

16. Any and all documents describing or setting forth the activities or work functions to be performed at "work parties" for the period of January 1, 1999 to the present date.

**RESPONSE:** See response to request number 12.

17. Any and all documents advising ECKERD employees that they would be required to attend and work in "work parties" for the period of January 1, 1999 to the present date.

**RESPONSE:** See response to request number 12.

Respectfully submitted,

ROTHSTEIN, ROSENFELDT, ADLER
**Counsel to Defendant**
300 Las Olas Place -- Suite 860
300 S.E. 2nd Street
Fort Lauderdale, FL 33301
TEL: (954) 522-3456
FAX: (954) 527-8663
Email:   sdolin@rra-law.com
         mpancier@rra-law.com

_____
Susan L. Dolin, Esq.
Fla. Bar No. 708690
Michael A. Pancier, Esq.
Fla. Bar No. 958484

2

## CERTIFICATE OF SERVICE

**I hereby Certify** that a true and correct copy of the foregoing was delivered via regular U.S. Mail on this ___ day of November, 2005 by serving:

John Campbell, Esq.
Campbell & Malafy, P.A.
Campbell Law Center
2655 LeJeune Road, Suite 201
Coral Gables, FL 33134

Joshua Fuller, Esq,
Fuller & Associates, P.A.
201 Alhambra Circle, Suite 602
Coral Gables, FL 33134

Jose Torres, Esq.
Manuel L. Dobrinsky, Esq.
Freiden & Dobrinsky
2 South Biscayne Boulevard, Suite 3100
Miami, FL 33131-1802
(305) 371-3666
(305) 371-6725 (FAX)

David S. Harris, Esq.
6431 SW 39th Street
Miami, FL 33155

Respectfully submitted,

ROTHSTEIN, ROSENFELDT, ADLER, P.A.
**Counsel to Defendant**

Susan L. Dolin, Esq.
Michael A. Pancier, Esq.

H:\slddocs\ECKERD\Posely-Bloomfield-03-8275\DISCOVERY\response to rtp.amd.doc

3